IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.   4:19-CR-33-SCJ-WEJ |
| | ) | |
| VINCETTI DEUN DANIEL, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT VINCETTI DEUN DANIEL'S SENTENCING MEMORANDUM

COMES NOW the Defendant, VINCETTI DEUN DANIEL (the "Defendant"), and submits the following Sentencing Memorandum, showing that the Court should shows that this Court should grant the Defendant a two-level downward variance pursuant to O.C.G.A. 18 U.S.C. § 3553(f).   Additionally, the Court should depart downward from the guidelines upon application of the factors set forth in 18 U.S.C. § 3553(a).

### INTRODUCTION

The Defendant is currently set for sentencing in the above-styled case on May 20, 2022.   The Defendant entered a plea of guilty on August 2, 2021 to Count One of the Superseding Indictment: A conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21, U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).

–1–

As reflected in the Presentence Report, the Defendant has a total offense level of 33 and a criminal history category of II.

## I. The Defendant Should Receive a Two-Level Downward Variance Pursuant to O.C.G.A. 18 U.S.C. §3553(f).

The Defendant did not qualify for Safety Valve pursuant to USSG §5C1.2 as the Defendant has more than one criminal history point. See 2D1.1(b)(18) and 5C1.2(a)(1).  However, the Government recommends, and the Defendant agrees, that the Defendant should receive a two-level downward variance pursuant to O.C.G.A. 18 U.S.C., § 3553(f) as the Defendant meet the criteria of §3553(f).

The Defendant's two criminal history points consist of a misdemeanor conviction for driving offenses and possession of marijuana less than one ounce in November 2008 as well as a tender of a plea of guilty in April 2012 to forgery and other driving offenses.  The Defendant was sentenced under Georgia First Offender Act for the April 2012 offenses and was successfully discharged without an adjudication of guilt.  The November 2008 conviction and the April 2012 First Offender adjudication yield in one criminal history point each, for a total of two criminal history points.  The Defendant neither used threats nor a firearm in any of his offenses, and his prior offenses did not result in death or serious bodily injury to any person.  In short, the Defendant qualifies for a downward variance under 18

U.S.C. §3553(f).

In this case, the Court should grant the downward variance. The Defendant's 2008 conviction – primarily traffic offenses -- was nearly outside of the 10-year window to be counted towards criminal history points under 4A1.2(e)(2). The Defendant's 2012 case disposition was under Georgia First Offender Act and did not result in an adjudication of guilt although a criminal history point is assigned under the USSG §4A1.2(f). Accordingly, the Court should apply §3553(f) and reduce the Defendant's offense level to a Level 31 (guideline range of 121-151).

**II. The Court Should Grant a Downward Departure Upon Application of the §3553(a) Factors.**

After the appropriate advisory guideline range is calculated, the Court must consider those factors set forth in 18 U.S.C. § 3553. Specifically, the Defendant draws the Court's attention to 18 U.S.C. § 3553(a)(1) and § 3553(a)(2).

Pursuant to O.C.G.A. 18 U.S.C. § 3553(a), the Court should impose a sentence below the guidelines range as the guideline range of 121-151 months reflects a punishment more than necessary to adequately punish the defendant. Additionally, the history and characteristics of the defendant support a downward departure from the guidelines range.

    a.    <u>18 U.S.C. §3553(a)(1)</u>

Pursuant to 18 U.S.C. § 3553(a)(1), the Court considers the nature and circumstances of the offense and the history and characteristics of the Defendant.

*i. Personal characteristics of the Defendant.*

The Defendant is a 44 year old father of four children.   The Defendant's children are ages 16, 11, 11, and 5.   The Defendant is gainfully employed, supports his children and family, and maintains regular visitation with his children every other weekend.   In addition to supporting his own children, he has served as a father figure to his nieces and extended family.

The Defendant is a native of Rome, Georgia, and has been an active member of the community his entire life.   The Defendant's volunteerism and community involvement includes coaching youth sports for several years.   Mr. Daniel's positive impact in the community and on his family is best personified through the letters of support attached hereto as Exhibit A.

Furthermore, the Defendant has taken steps towards self-rehabilitation since his May 21, 2019, arrest.   The Defendant enrolled in and completed drug treatment/drug avoidance classes without court order and has maintained employment with Mohawk Industries from his arrest through sentencing.   Mr. Daniel also serves as a mentor to co-workers and new hires entering the workforce with Mohawk.

Mr. Daniel has taken full responsibility for his actions in this case. He is not a risk to reoffend

>   ii. *Nature and circumstances of the offense.*

The Defendant's conduct relating to his conviction in this case involves one (1) transaction with co-defendant Edward Antwan Jones. The Defendant delivered methamphetamine to co-defendant Jones on July 16, 2018. Those drugs were later seized after a traffic stop of Mr. Jones. That July 16, 2018 transaction and the seized contraband form the basis of the sentencing guidelines calculations in this case. The Defendant did not possess or use a firearm in connection with this offense.

The purity of the seized contraband places the Defendant at a Level 36 instead of Level 32, pursuant to USSG § 2D1.1(c). Accordingly, the purity level alone for this one transaction increases the Defendant's adjusted offense level low-end guideline range by 43 months! Said another way, Mr. Daniel's adjusted offense level would have been a 27 instead of 31 but for the purity level of the drugs delivered to Mr. Jones.

Importantly, there is nothing in the discovery of this case to suggest that Mr. Daniel was aware that the methamphetamine delivered to Mr. Jones was 99% pure. Mr. Daniel understands and accepts that he is responsible for his actions, including

–5–

the delivery of methamphetamine with a high purity level. Notwithstanding, the Defendant submits that his lack of knowledge of the methamphetamine purity along with other considerations regarding the nature of the offense should impact the Court's consideration of the appropriate sentence in this case upon application of the § 3553(a)(1) factor.

Upon consideration of the personal characteristics of the Defendant and the nature and characteristics of the offense, the Defendant respectfully requests that the Court grant a downward variance of three levels to a Level 28 (87-108 months) and sentence at the low-end of the guidelines range.

    b.    <u>18 U.S.C. § 3553(a)(2)</u>

Under 18 U.S.C. § 3553(a)(2), the law requires the Court to consider the need for the sentence imposed

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

After consideration of these factors, the Defendant submits that downward variance of three levels to a Level 28 is appropriate.

**(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

As set forth above in Paragraph II.a.ii. regarding the nature of the offense, the Defendant submits that a downward variance of three levels provides enough punishemtn to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

**(B)    to afford adequate deterrence to criminal conduct;**

The Defendant is currently 44 years old and has 2 criminal history points. The Defendant is gainfully employed and supports his four children and family. Mr. Daniel has been a community volunteer, youth sports coach, and mentor to co-workers.   Since his arrest, the Defendant voluntarily participated in substance abuse treatment and has not violated the terms of his pretrial release over the last three (3) years since his arrest.   The Defendant's action since his arrest and while on pretrial release prove that a sentence below the Custody Guidelines Range will serve as an adequate deterrence to criminal conduct.

**(C)    to protect the public from further crimes of the defendant;**

The Defendant's positive and compliant service while on pretrial release as

well as the Defendant's gainful employment – three years of supervision while awaiting disposition of this case – clearly show that a sentence below the Custody Guidelines Range is appropriate and sufficient to protect the public from any further crimes of the Defendant.   In fact, the Defendant's stellar service on pretrial services supervision support a downward variance of three levels to a Level 28.

**(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

The Defendant is a 1997 high school graduate.   He is trained in his trade working with Mohawk Industries.   The Defendant is in good physical health and does not require medical care.

### III.   THE COURT SHOULD NOT IMPOSE A FINE

As noted in Paragraph 79 of the Pre-sentence Report, Mr. Daniel does not have the ability to pay a fine within the guidelines range of this case.   The Defendant respectfully requests that the Court not impose a fine in this case.

# IV. DEFENDANT REQUESTS THAT COURT RECOMMEND SERVICE OF SENTENCE NEAR NORTHERN DISTRICT OF GEORGIA.

The Defendant respectfully requests that the Court recommend to the Bureau of Prisons that the Defendant be housed in a facility geographically near the Northern District of Georgia. This will allow the Defendant's family to easily visit with the Defendant during his service of his sentence.

## CONCLUSION

Accordingly, the Defendant respectfully requests that the Court grant the Defendant a two-level downward adjustment pursuant to 18 U.S.C. § 3553(f) and further vary downward another three levels after application of the § 3553(a) factors..

Respectfully submitted,

COX BYINGTON TWYMAN LLP

/s/ *Christopher P. Twyman*
CHRISTOPHER P. TWYMAN
Georgia Bar No.   720660
Attorney for Vincetti Deun Daniel

711 Broad Street
Rome, Georgia 30161
(706) 291-2002
(706) 291-6242
chris.twyman@cbtjlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing **DEFENDANT VINCETTI DEUN DANIEL'S SENTENCING MEMORANDUM** upon all interested parties by electronically filing same with the Clerk of Court using CM/ECF, using the CM/ECF system which will automatically serve a copy of the same via email notification upon the following attorneys of record:

> Lisa W. Tarvin, Esq.
> Assistant United States Attorney
> Office of the United States Attorney
> 75 Ted Turner Drive SW
> 600 United States Courthouse
> Atlanta, Georgia 30303
> Counsel for the Government

This 16h day of May, 2022.

Respectfully submitted,

711 Broad Street
Rome, Georgia 30161
(706) 291-2002
(706) 291-6242
chris.twyman@cbtjlaw.com

/s/ *Christopher P. Twyman*
CHRISTOPHER P. TWYMAN
Georgia Bar No.   720660
Attorney for Vincetti Deun Daniel